Filed 8/1/24  P. v. Mixon CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN MIXON,<br><br>        Defendant and Appellant. | A166696<br><br>(City & County of San Francisco Super. Ct. Nos. CRI00929353, CRI00929354, SCN122235) |

John Mixon was convicted in 1987 by jury trial of various offenses and sentenced to 41 years to life in prison.  He petitioned for resentencing in 2022 pursuant to Penal Code section 1172.75, which invalidated certain enhancements to his sentence for prior prison terms.[1]  The trial court struck the two one-year prison prior enhancements, but otherwise reinstated Mixon's original sentence, citing the gravity and extent of Mixon's crimes.

Mixon now seeks remand to the trial court for further resentencing.  He argues that recent ameliorative legislative changes enacted during the pendency of his appeal—pursuant to sections 1170, subdivision (b), 1172.1, and 1172.75—should be applied to his now non-final sentence.  The Attorney General disagrees, arguing that Mixon forfeited his request for further relief pursuant to section 1170, and even if he did not, none of the cited

---

[1] Undesignated statutory references are to the Penal Code.

provisions—even as amended—require remand for further resentencing. Applying the plain language of the statutes and considering them in context, we affirm.

## BACKGROUND

In 1987, following a jury trial, Mixon was found guilty of one count of murder and multiple counts of robbery, attempted robbery, assault, and firearms violations.[2]  The trial court imposed an aggravated term on count 11, one of the robbery counts, because "the crime involved a high degree of cruelty, viciousness, and callousness," and a sentence of 25 years to life for the murder count.  The court imposed two one-year sentencing enhancements pursuant to section 667.5, subdivision (b), for Mixon's two prior felony convictions.

Mixon later sought resentencing pursuant to section 1172.75 (then-recently renumbered from section 1171.1), asking the trial court to strike the prison prior enhancements and to engage in a full resentencing in light of Mixon's age, the length of his incarceration, his health problems, his rehabilitation, his low risk of recidivism, and the support of his family. Mixon asked the trial court to reduce the remainder of his sentence, in relevant respect, by changing the murder conviction to voluntary manslaughter as a lesser included offense.  He also asked the court to reduce the sentence for count 11 from the upper five-year term to a term of one year and eight months.

The court struck the prison prior enhancements consistent with the pronouncement in section 1172.75 that such enhancements are invalid.  It declined to exercise its discretion to reduce Mixon's sentence further, or

---

[2] The facts of Mixon's crimes are not relevant to the resolution of this appeal.

otherwise alter the sentence, noting that Mixon's crimes were part of a spree that involved the repeated use of firearms and that the new sentence should be commensurate with the gravity of the offenses.

After the resentencing, and while Mixon's appeal was pending, the Legislature amended section 1172.1 to allow trial courts to resentence defendants to lesser included or related offenses without the prosecution's concurrence, and section 1170, subdivision (b), to preclude the imposition of an upper term sentence except in certain circumstances.

## DISCUSSION

Mixon argues that his case should be remanded for further resentencing under section 1172.75 so that the trial court can apply the changes to sections 1172.1 and 1170. Section 1172.75, he contends, incorporates sections 1172.1 and 1170 because they reduce sentences and provide the resentencing court discretion. (See § 1172.75, subd. (d)(2).)

We review the application of these statutes de novo. (*People v. Carter* (2023) 97 Cal.App.5th 960, 967.) "Our fundamental task in interpreting a statute is to ascertain the Legislature's intent so as to effectuate its purpose. [Citation.] We begin with the text of the statute and give the words their usual meaning while construing them in light of the statutory framework as a whole. [Citation.] If the statutory language is unambiguous, then its plain meaning controls. [Citation.] If the language ' " 'permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' " ' " (*Ibid.*) " '[S]tatutory ambiguities often may be resolved by examining the context in which the language appears and adopting the construction [that] best serves to harmonize the statute internally and with related statutes.' " (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

3

## I.     Section 1172.75

Section 1172.75 permits recall and resentencing for defendants whose original sentences included a now-invalid one-year enhancement for a prior prison term pursuant to section 667.5, subdivision (b).  (§ 1172.75.)  The statute mandates "a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).)

The resentencing "court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that *reduce sentences or provide for judicial discretion* so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2) [italics added].)  The courts of appeal are now actively working to interpret various aspects of section 1172.75 and similar statutes.  (See, e.g., *People v. Superior Court* (2024) 102 Cal.App.5th 1242, 1259–1260 [discussing cases considering whether a full resentencing is warranted in section 1172.75 proceedings]; *People v. Esquivias* (July 18, 2024, B329800) __ Cal.App.4th __ (2024 Cal.App.4th Lexis 461 at pp. *2–*8, [concluding that a full resentencing is not triggered on habeas review].)  We assume for purposes of this appeal that when a defendant is entitled to recall and resentencing under the statute, the resentencing court must engage in a "full" resentencing, meaning that it revisits the entire sentence and each of its components. (*People v. Walker* (2021) 67 Cal.App.5th 198, 205–206.)

4

## II.     Section 1172.1

Mixon first argues that remand to the trial court is warranted so the court can exercise its discretion pursuant to section 1172.1 and consider whether to reduce his conviction and sentence to a lesser related or included offense—specifically, to reduce his murder conviction to manslaughter.  In relevant part, section 1172.1 provides:  "When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation . . ., the court may, on its own motion . . . at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, . . . recall the [defendant's] sentence and . . . resentence the defendant . . . provided the new sentence, if any, is no greater than the initial sentence."[3]  (§ 1172.1, subd. (a)(1).)  "The court, in recalling and resentencing under this subdivision, shall apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (*Id.*, subd. (a)(2).)  "The resentencing court may, in the interest of justice . . ., [¶] (A) [r]educe a defendant's term of imprisonment by modifying the sentence [or] [¶] (B) [v]acate the defendant's conviction and impose judgment on any necessarily included lesser offense or lesser related offense, . . . with the concurrence of the defendant, and then resentence the defendant to a reduced term of imprisonment."  (*Id.*, subd. (a)(3).)  But "[a] defendant is not entitled to file a petition seeking relief from the court under

---

[3] The statute also permits certain correctional officials or prosecuting agencies to request recall and resentencing on the defendant's behalf. (§ 1172.1, subd. (a)(1).)  There was no such request here.

this section," and if a defendant does so, "the court is not required to respond." (*Id.*, subd. (c).)

Mixon invokes the language in section 1172.1, subdivisions (a)(1) and (a)(3) to argue that the trial court should recall and resentence a defendant at any time if the applicable sentencing laws have changed, and should consider reducing his sentence to a lesser included or related offense. The Attorney General argues that section 1172.1's ameliorative provisions apply only to proceedings undertaken pursuant to the statute's specified triggers—that is, as relevant here, if and when the court exercises its discretion on its own motion to recall and resentence the defendant under subdivision (a)(1). We, like the Attorney General, do not read section 1172.1 to *require* the trial court to reconsider its resentencing of Mixon and therefore to compel remand for that purpose. Instead, the statutory language reserves to the trial court the discretion whether to act pursuant to the statute.

We accept, for purposes of this appeal, that a full resentencing must incorporate any applicable ameliorative changes in sentencing law enacted during the pendency of Mixon's appeal and that section 1172.1 grants the trial court discretion to modify the judgment of conviction and reduce Mixon's sentence. But section 1172.1 is not like other sentencing laws that the Legislature has amended to require the trial court to recall and correct sentences imposed pursuant to statutory provisions that have since been invalidated. (Compare, e.g., § 1170.126, subd. (f) [directing courts to resentence defendants consistent with amendments to third-strike law]; § 1172.75, subd. (a) [invalidating specified enhancements for prior prison terms]; § 1172.7, subd. (a) [invalidating certain sentencing enhancements for controlled substance violations].) We therefore do not read section 1172.1 to

6

allow Mixon to bypass the court's discretionary authority to choose in the first instance whether even to consider reducing his sentence.

Not only does section 1172.1, subdivision (a)(1) leave to the trial court the decision whether, on its own motion and at any time, to recall and resentence a defendant, but as noted, subdivision (c) plainly states that a defendant has no right to petition for relief pursuant to section 1172.1 and the trial court need not respond to any request made. (§ 1172.1, subd. (c) ["A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond"].) Elsewhere, the Legislature has made clear its intention to allow specified individuals to request the benefit of ameliorative changes in sentencing laws (see § 1172.1, subds. (a)(1), (a)(7) [authorizing correctional or prosecutorial officials to petition trial court for recall and resentencing and requiring court to state on the record its reasons for granting or denying petition]; § 1170.91, subd. (b) [requiring a trial court to hold a resentencing hearing, upon petition by a defendant suffering from one or more of various conditions arising from military service]; § 1172.2, subd. (c) [requiring trial court to hold a hearing within 10 days of receipt of petition from correctional officials requesting recall and resentencing of defendant suffering from specified medical conditions]), but its explicit decision not to grant a defendant that option under section 1172.1 counsels against ordering a remand here.

Mixon nonetheless urges us to remand his case to the trial court for further resentencing because the trial court might be inclined to exercise its discretion and reduce his sentence, consistent with the Legislature's broader policy goals. While a limited remand to allow the trial court to consider changes to the statute might prove efficient, we perceive from the statutory

7

language a clear intent to leave to the trial court the decision whether to initiate any such proceedings. And even without a remand, the trial court retains the discretion to reduce Mixon's sentence further—on its own motion and as it deems appropriate. Any instruction from us to exercise such discretion would be superfluous at best and an impermissible intrusion into the trial court's discretionary purview at worst. Of course, by our resolution of Mixon's appeal, we express no opinion as to whether the trial court should take that initiative now or at any time in the future; we simply decline to order the trial court to act.

## III. Section 1170, Subdivision (b)

Mixon also challenges the trial court's imposition of an upper-term sentence on count 11, contending that the court did not make the specific findings required by section 1170, subdivision (b). The Attorney General argues that Mixon forfeited this argument by not raising it in the trial court. Mixon agrees counsel did not raise the argument below, but states there is no forfeiture where the trial court failed to understand its statutory obligations, citing *People v. Panozo* (2021) 59 Cal.App.5th 825.

As in *People v. Panozo*, there is no indication in the record here that the trial court considered section 1170, subdivision (b), and we decline to find forfeiture. But it appears that the trial court did not consider section 1170, subdivision (b) because it is not applicable. (See *People v. Fredrickson* (2023) 90 Cal.App.5th 984, 989 [cases discussing possible forfeiture of statutory sentencing considerations were inapplicable because statute did not apply in the first place].)

Section 1170, subdivision (b) was recently amended to narrow the circumstances in which a trial court can impose an upper-term sentence by providing that "(1) [w]hen a judgment of imprisonment is to be imposed and

the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except. . . [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b).) Section 1172.75 sets forth a slightly different rule for choosing an appropriate sentence term at resentencing. Subdivision (d)(4) states: "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75 subd. (d)(4).)

Mixon argues that the resentencing court did not find circumstances in aggravation justifying imposition of the upper term on count 11, as the revised version of section 1170, subdivision (b) requires. We assume that specific provisions in a statutory scheme were intended to control over more general ones. (*People v. Superior Court (Ortiz)* (2022) 81 Cal.App.5th 851, 884.) Section 1172.75 specifically governs a resentencing proceeding undertaken pursuant to its terms—that is, as here, when now-invalid enhancements for prior prison terms imposed under section 667.5, subdivision (b) make up part of the defendant's sentence. Section 1170, subdivision (b), by contrast, sets forth the general rules for determinate sentencing.

9

The plain language of section 1172.75, subdivision (d)(4), which controls here, creates an exception that allows a resentencing court to reimpose an upper-term sentence if that sentence was imposed at the defendant's initial sentencing. Section 1172.75, subdivision (d)(4) includes the extra prefatory phrase, "Unless the court originally imposed the upper term [sentence]," expressly preserving a court's authority to reimpose an upper-term sentence without satisfying section 1170, subdivision (b), which otherwise closely tracks the remaining portion of section 1172.75, subdivision (d)(4). While the recent amendments to section 1170, subdivision (b) are ameliorative, and section 1172.75, subdivision (d)(2) directs courts to "apply any other changes in law that reduce sentences or provide for judicial discretion," the specific carveout in subdivision (d)(4) conveys the Legislature's intent to create an exception to the more general rules of sentencing set forth in section 1170.

That the two statutes were amended almost simultaneously, as Mixon points out, only reinforces our conclusion that the Legislature intentionally chose to structure the statutes in this manner. In amending both sections, the Legislature seems to have intended the statutes to be consistent in their approach to upper-term sentences, with the caveat that the resentencing court applying the more specific provisions of section 1172.75 could, in its discretion, defer to the initial sentencing court's determination that the crime warranted an upper-term sentence. We see no reason to depart from the legislative intent conveyed by the statutory language, which harmonizes and gives force to both provisions.

Mixon argues that the prefatory language in section 1172.75, subdivision (d)(4) indicates that the resentencing court should follow subdivision (d)(2) in the case of a defendant initially sentenced to an upper

10

term.  Mixon suggests that subdivision (d)(2), then, implicitly incorporates section 1170, subdivision (b), and that section 1170 essentially supplies the default rules applicable in instances where the initial sentencing court imposed an upper-term sentence.  But no language in the statutes directs a resentencing court to follow this circuitous path to a sentence.  Further, our reconciliation of the statutes does not effectively repeal section 1170, subdivision (b), as Mixon contends, because that provision continues to govern more generally in sentencing proceedings not initiated pursuant to section 1172.75.  Nor does it create an absurd result in potentially offering different discretionary choices to courts resentencing defendants pursuant to sections 1172.1 and 1172.75; as discussed, sections 1172.1 and 1172.75 were enacted with distinct resentencing provisions reflecting distinct legislative objectives.  The trial court did not impermissibly reimpose an upper-term sentence on count 11.

## DISPOSITION

The judgment is affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.